UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CLINT L. STEWART AND YVONNE T. STEWART, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| NATIONAL DEFAULT SERVICING CORP. et al., | ) ) ) ) |
| Defendants. | ) ) |

Case No. 2:15-cv-00585-RFB-GWF

**ORDER**

This matter is before the Court on Defendant Green Tree Servicing, LLC's Motion to Stay Discovery (#7), filed on June 22, 2015. No response has been filed, and the time to do so has passed.

Defendant Green Tree Servicing, LLC, moves for a stay of discovery pending the outcome of its Motion to Dismiss (#3). The Court has broad discretion to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). The moving party bears the heavy burden of making a strong showing why discovery should be denied. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citing *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997)). The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D. at 581 (citing *Turner*, 175 F.R.D. at 556); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (finding that the court may stay discovery when convinced that the plaintiff cannot state a claim for relief).

. . .

The Motion to Dismiss (#3), filed under Fed. R. Civ. P. 12(b)(6), is potentially dispositive of the claims alleged in the Complaint.  It is important for the Court to note that Plaintiffs have not opposed the Motion to Dismiss, though the failure of a party to respond to a motion is not alone grounds for granting that motion.  *Lalwani v. Wells Fargo Bank N.A.*, 2011 WL 4479520 (D. Nev. 2011) (citing *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)).  Additional discovery is not needed to determine the merits of the Defendant's motion.  Rule 12(b)(6) requires only that the Court determine whether the pleadings are sufficient to establish the claim, and does not require the Court to determine if the plaintiff could find evidence to support the pleadings.  *Tracy v. United States*, 243 F.R.D. 662, 664 (D. Nev. 2007) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).  Defendant's Motion to Dismiss (#3) is based on issues of law rather than fact, and additional discovery will not assist the Court in adjudicating those issues.

Finally, the Court must take a "preliminary peek" at the Motion to Dismiss to determine if the motion has merit. The Court's findings are not intended to prejudice the outcome of the motion to dismiss in any way.  Defendant argues that Plaintiffs' Complaint fails to state a claim upon which relief can be granted and does not meet the pleading requirements of Rule 8.  Plaintiffs plead claims for violations of the Fair Debt Collection Practices Act (FDCPA) and for Identity Theft. *Complaint* (#1).  The Plaintiffs do not appear to properly plead any of the claims listed in the Complaint.

The alleged violations of the FDCPA are based on foreclosure proceedings by Defendant Green Tree relating to its rights under the Subject Loan.  Substantial portions of the allegations in the Complaint are based on Defendant Green Tree's status as a "debt collector" under 15 U.S.C. § 1692(a)(6).  Green Tree is not a debt collector under the FDCPA.  *See Banuelos v. Pinnacele Fin. Corp.*, 2011 LW 1100123, *2 (D. Nev. 2011) ("lenders and foreclosing entities are simply not debt collectors under the statute."); *Croce v. Trinity Mortg. Assur. Corp.*, 2009 WL 3172119, *2 (D. Nev. 2009) (creditors, mortgage servicing companies, and assignees of a debt that was not in default when assigned do not constitute debt collectors under the FDCPA).  Plaintiffs additionally allege that Defendant is engaging in illegal debt collecting practices.  Defendant Green Tree holds the Deed of Trust for the Plaintiffs' property that is the subject of this lawsuit.  Defendant's

foreclosure on that property pursuant to a deed of trust does not constitute debt collection under the FDCPA.  *See Camacho-Villa v. Great W. Home Loans*, 2011 WL 1103681, *4 (D. Nev. 2011).

Plaintiffs' claim for Identity Theft is not a claim upon which relief can be granted.  Plaintiffs' allegation of Identity Theft is based on Defendant acquiring Plaintiffs' personal information and using that information to threaten the Plaintiffs with the taking of their home.  The Plaintiffs also allege that the Defendant coerced them into revealing private information.  Finally, Plaintiffs allege that the Defendant intends to use Plaintiffs' information to sell or trade with third parties for the benefit of those parties.  Plaintiffs list no statutory basis for this claim in their Complaint.  Identity Theft in Nevada is not a civil action, but a criminal allegation.  *See* Nevada Rev. Statute 205.463.  There is no express civil enforcement of this criminal action under Nevada law.  Plaintiffs offer no further supporting law or facts to indicate that they have a cognizable claim for identity theft.

Based on the preliminary peek, the Court believes that the Defendant will succeed on its Motion to Dismiss (#3) and is convinced that Plaintiffs do not state a claim on which relief can be granted.  The Court finds that the Defendant has met its burden and made a sufficient showing to grant the motion to stay.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant Green Tree Servicing, LLC's Motion to Stay Discovery (#7) is **granted**.  Discovery in this action is stayed pending the decision on Defendant's Motion to Dismiss (#3).

**DATED** this 14th day of July, 2015.

GEORGE FOLEY, JR.
United States Magistrate Judge